# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ASHLEY FURNITURE INDUSTRIES, INC.

      Petitioner,

v.

ANGEL RODRIGUEZ MORILLO,

      Respondent.

Case No. 18-CV-1773-JPS

**ORDER**

  On November 8, 2018, Petitioner filed a petition to confirm an arbitration award. (Docket #1). Petitioner now seeks to serve Respondent. Federal Rule of Civil Procedure 4 ("Rule 4") allows the Petitioner to effect service by private process server or by marshal service. Fed. R. Civ. P. 4(c). The Federal Arbitration Act ("FAA") requires service on nonresident adverse parties "by the marshal of any district within which the adverse party may be found in like manner as other process of the court." 9 U.S.C. § 9. On January 14, 2019, Petitioner filed a letter with the Court explaining that it was having difficulty serving nonresident Respondent by the U.S. Marshal, and requesting permission to serve by private process server. (Docket #4).

  Whether section 9 of the FAA encapsulates service pursuant to Rule 4 has been a matter of some debate by other district courts. *See Hancor, Inc. v. R&R Eng'g Prods., Inc.*, 381 F. Supp. 2d 12, 15 (D.P.R. 2005) (finding that the phrase "in like manner as other process of the court" refers to Federal Rule of Civil Procedure 4, and therefore any manner that conforms with Rule 4 would be sufficient under the FAA); *VentureForth Holdings LLC v.*

*Joseph*, 80 F. Supp. 3d 147, 148 (D.D.C. 2015) (holding that "service of a nonresident complies with § 9 of the FAA if service is provided in accordance with Rule 4 of the Federal Rules of Civil Procedure."); *Technologists, Inc. v. MIR's Ltd.*, 725 F. Supp. 2d 120, 126–27 (D.D.C. 2010) (analyzing the same language in 9 U.S.C. § 12 and coming to the conclusion that service pursuant to Rule 4 is sufficient); *see also Reed & Martin Inc. v. Westinghouse Elec. Corp.*, 439 F.2d 1268, 1277 (2d Cir. 1971) ("The phrase 'in like manner as other process of the court' found in § 9 of the Arbitration Act refers to Fed. R. Civ. P. 4 on the accomplishment of appropriate service…"); *In re Lauritzen Kosan Tankers (Chem. Trading, Inc.)*, 903 F. Supp. 635, 637 (S.D.N.Y. 1995) ("The phrase 'in like manner as other process of the court' included in the FAA refers to Rule 4 of the Federal Rules of Civil Procedure"); *but see Logan & Kanawha Coal Co., LLC v. Detherage Coal Sales, LLC*, 789 F. Supp. 2d 716, 722 (S.D. W. Va. 2011) (requiring marshal service on non-resident defendants and noting that although the FAA "leads to the illogical result that service effected on nonresident defendants in arbitration cases is different from those in other civil cases, the appropriate body to rectify this anachronism is Congress, not a district court."); *PTA-FLA, Inc. v. ZTE USA, Inc.*, 2015 WL 12819186, at *8 (M.D. Fla. Aug. 5, 2015) (same).

In the interests of consistency and logistical ease, the Court adopts the rule followed by the majority of courts, and will allow service on nonresident defendants by either marshal service or "in like manner as other process of the court." 9 U.S.C. § 9. This includes service by private process. Fed. R. Civ. P. 4(c)(2).

Accordingly,

**IT IS ORDERED** that Petitioner is permitted to effectuate service on Respondent utilizing a private process server.

Dated at Milwaukee, Wisconsin, this 18th day of January, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge