# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ASHLEY FURNITURE INDUSTRIES, INC.,<br><br>　　　　　　　Petitioner,<br><br>v.<br><br>ANGEL RODRIGUEZ MORILLO,<br><br>　　　　　　　Respondent. | Case No. 18-CV-1773-JPS<br><br><br>**ORDER** |

On November 8, 2018, Petitioner filed a petition to confirm an arbitration award of $505,935.24 in costs and fees pursuant to 9 U.S.C. § 9. (Docket #1). Respondent was served on March 22, 2019. (Docket #7). On April 17, 2019, Petitioner filed a request for entry of default judgment. (Docket #8). Respondent did not appear or otherwise respond to the petition within the time provided by the Federal Rules of Civil Procedure, and so the Clerk of the Court, at Petitioner's request, entered default against Respondent on April 18, 2019.

On April 19, 2019, Petitioner filed a motion for entry of a default judgment against Respondent. (Docket #9). Petitioner's certificate of service reflects that a copy of the motion was shipped overnight via United Parcel Service (UPS) to Respondent at the address at which he was served. (Docket #11); Fed. R. Civ. P. 5(b)(2)(C). Respondent has not responded to the motion in any fashion, and the deadline for doing so has long expired. *See* Civ. L.R. 7(b); Fed. R. Civ. P. 6(d) (providing three additional days to respond to motions served by mail). As a result, the Court treats the motion as unopposed. Civ. L.R. 7(d).

The facts in the petition to confirm the arbitration award establish Respondent's liability for costs arising from the underlying arbitration. (Docket #1 at 2–6). Petitioner nevertheless bears the responsibility to prove up their costs and fees under Rule 55(b)(2) of the Federal Rules of Civil Procedure, and the Court must conduct an inquiry to ascertain the amount owed with a reasonable certainty. *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007) (citations and quotations omitted); *Suleski v. Bryant Lafayette & Assoc.*, 2010 WL 1904968, at *1–3 (E.D. Wis. May 10, 2010). Judgment by default may not be entered without a hearing on the amount owed unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *e360 Insight*, 500 F.3d at 602.

Here, Petitioner seeks the following:

1) $449,948.99 in arbitration costs and attorneys' fees;

2) $39,086.25 in compensation and expenses of the arbitrator; and

3) $16,900.00 in administrative fees of the American Arbitration Association.

In total, Petitioner seeks $505,935.24 in costs and fees. (Docket #9 at 1). In support of its request, Petitioner has provided copies of the parties' original agreement, the arbitrator's interim award, and the arbitrator's final award of costs, which includes a lengthy discussion about the bases for the sums. *See* (Docket #1-1 and #1-2). The Court finds that this evidence is sufficient to establish the exact amount in costs and fees that Respondent owes.

Accordingly,

**IT IS ORDERED** that Petitioner's motion for default judgment (Docket #9) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the award issued by arbitrator William H. Levit, Jr. on September 21, 2018 in the matter of *Angel Rodriguez Morillo v. Ashley Furniture Industries, Inc.*, American Arbitration Association Case No. 01-17-0003-1190, be and the same is hereby **CONFIRMED** pursuant to 9 U.S.C. §§ 9, 13;

**IT IS FURTHER ORDERED** that Respondent shall pay to the Petitioner the total sum of $505,935.24, together with post-judgment interest as provided by law; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 11th day of June, 2019.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge